# United States District Court
## Eastern District of California

| UNITED STATES OF AMERICA | AMENDED JUDGMENT IN A CRIMINAL CASE |
|---|---|
| v. | (For Offenses Committed On or After November 1, 1987) |
| **THANG QUOC NGUYEN** | Case Number: **2:11CR00543-01** |

**Date of Original Judgment:** 12/5/2012
(Or Date of Last Amended Judgment)

Matthew C. Bockman, Assistant Federal Defender
Defendant's Attorney

**Reason for Amendment:**

[ ] Correction of Sentence on Remand (Fed R. Crim. P. 35(a))  
[ ] Reduction of Sentence for Changed Circumstances (Fed R. Crim. P. 35(b))  
[ ] Correction of Sentence by Sentencing Court (Fed. R. Crim P. 35(c))  
[✔] Correction of Sentence for Clerical Mistake (Fed. R. Crim. P. 36)  

[ ] Modification of Supervision Conditions (18 U.S.C. §3563(c) or 3583(e))  
[ ] Modification of Imposed Term of Imprisonment for Extraordinary and Compelling Reasons (18 U.S.C.§3582(c)(1))  
[ ] Modification of Imposed Term of Imprisonment for Retroactive Amendment(s) to the Sentencing Guidelines (18 U.S.C.§3582(c)(2))  
[ ] Direct Motion to District Court Pursuant to [ ] 28 U.S.C. §2255  
   [ ] 18 U.S.C. §3559(c)(7),   [ ] Modification of Restitution Order  

**THE DEFENDANT:**

[✔] pleaded guilty to counts: 1, 4, 6, 7, and 8 of the Indictment.  
[ ] pleaded nolo contendere to counts(s) ___ which was accepted by the court.  
[ ] was found guilty on count(s) ___ after a plea of not guilty.  

**ACCORDINGLY**, the court has adjudicated that the defendant is guilty of the following offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| See next page. | | | |

The defendant is sentenced as provided in pages 2 through 11 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

[ ] The defendant has been found not guilty on counts(s) ___ and is discharged as to such count(s).  
[✔] Counts 2, 3, and 5 of the Indictment are dismissed on the motion of the United States.  
[ ] Indictment is to be dismissed by District Court on motion of the United States.  
[✔] Appeal rights given.          [ ] Appeal rights waived.  

IT IS FURTHER ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid.  If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

11/29/2012
Date of Imposition of Judgment

*/s/ Morrison C. England, Jr.*
Signature of Judicial Officer

**MORRISON C. ENGLAND, JR.**, United States District Judge
Name & Title of Judicial Officer

12/12/2012
Date

CASE NUMBER: 2:11CR00543-01     Judgment - Page 2 of 11
DEFENDANT: THANG QUOC NGUYEN

| Title & Section | Nature of Offense | Date Offense Concluded | Count Numbers |
|---|---|---|---|
| 18 USC § 1029(a)(5) | Fraud and Related Activity in Connection with Access Device **(CLASS C FELONY)** | 08/09/2010 to 10/05/2011 | 1 |
| 18 USC § 1029(a)(5) | Fraud and Related Activity in Connection with Access Device **(CLASS C FELONY)** | 08/09/2010 to 10/05/2011 | 4 |
| 18 USC § 1029(a)(5) | Fraud and Related Activity in Connection with Acess Device **(CLASS C FELONY)** | 08/09/2010 to 10/05/2011 | 6 |
| 18 USC § 1028(A) | Aggravated Identity Theft **(CLASS D FELONY)** | 08/09/2010 to 10/05/2011 | 7 |
| 18 USC § 1028(A) | Aggravated Identity Thefy **(CLASS D FELONY)** | 08/09/2010 to 10/05/2011 | 8 |
| 18 USC § 982(a)(2)(B) and 18 USC § 1029(c)(1)(C) | Criminal Forfeiture | 08/09/2010 to 10/05/2011 | |

CASE NUMBER:     2:11CR00543-01                                                                 Judgment - Page 3 of 11
DEFENDANT:       THANG QUOC NGUYEN

## IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>68 months as to Counts 1, 4, 6 and 24 months as to Counts 7 and 8, to be served concurrently, for a total term of 92 months.</u>

[ ]   No TSR: Defendant shall cooperate in the collection of DNA.

[✔]   The Court makes the following recommendations to the Bureau of Prisons:
      The Court recommends the defendant participate in the 500-Hour Bureau of Prisons Substance Abuse Treatment Program.

[✔]   The defendant is remanded to the custody of the United States Marshal.

[ ]   The defendant shall surrender to the United States Marshal for this district.
      [ ] at ___ on ___.
      [ ] as notified by the United States Marshal.

[ ]   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:
      [ ] before ___ on ___.
      [ ] as notified by the United States Marshal.
      [ ] as notified by the Probation or Pretrial Services Officer.
      If no such institution has been designated, to the United States Marshal for this district.

## RETURN

I have executed this judgment as follows:

_____

_____

_____

        Defendant delivered on _____ to _____
at _____ , with a certified copy of this judgment.


                                                                    _____
                                                                    UNITED STATES MARSHAL

                                                               By   _____
                                                                    Deputy U.S. Marshal

| | | |
|---|---|---|
| CASE NUMBER: | 2:11CR00543-01 | Judgment - Page 4 of 11 |
| DEFENDANT: | THANG QUOC NGUYEN | |

# SUPERVISED RELEASE

Upon release from imprisonment, the defendant shall be on supervised release for a term of <u>36 months as to Counts 1, 4, and 6 and 12 months as to Counts 7 and 8 to be served concurrently for a total term of 36 months</u>.*

The defendant must report to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons.

The defendant shall not commit another federal, state, or local crime.

The defendant shall not unlawfully possess a controlled substance. The defendant shall refrain from any unlawful use of controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, not to exceed four (4) drug tests per month.

[ ]  The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse. (Check, if applicable.)

[✔]  The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon. (Check, if applicable.)

[✔]  The defendant shall cooperate in the collection of DNA as directed by the probation officer. (Check, if applicable.)

[ ]  The defendant shall comply with the requirements of the Sex Offender Registration and Notification Act (42 U.S.C. § 16901, et seq.), as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which he or she resides, works, is a student, or was convicted of a qualifying offense. (Check, if applicable.)

[ ]  The defendant shall participate in an approved program for domestic violence. (Check, if applicable.)

If this judgment imposes a fine or a restitution obligation, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments sheet of this judgment.

The defendant must comply with the standard conditions that have been adopted by this court as well as with any additional conditions on the attached page.

# STANDARD CONDITIONS OF SUPERVISION

1) the defendant shall not leave the judicial district without permission of the court or probation officer;
2) the defendant shall report to the probation officer in a manner and frequency directed by the court or probation officer;
3) the defendant shall answer truthfully all inquiries by the probation officer and follow instructions of the probation officer;
4) the defendant shall support his or her dependants and meet other family responsibilities;
5) the defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;
6) the defendant shall notify the probation officer ten days prior to any change in residence or employment;
7) the defendant shall refrain from excessive use of alcohol;
8) the defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;
9) the defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;
10) the defendant shall permit a probation officer to visit him or her at any time at home or elsewhere, and shall permit confiscation of any contraband observed in plain view by the probation officer;
11) the defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;
12) the defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;
13) as directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall submit to the search of his person, property, home, and vehicle by a United States probation officer, or any other authorized person under the immediate and personal supervision of the probation officer, based upon reasonable suspicion, without a search warrant. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other residents that the premises may be subject to searches pursuant to this condition.

2. The defendant shall provide the probation officer with access to any requested financial information.

3. The defendant shall not open additional lines of credit without the approval of the probation officer.

4. As directed by the probation officer, the defendant shall participate in an outpatient correctional treatment program to obtain assistance for drug or alcohol abuse.

5. As directed by the probation officer, the defendant shall participate in a program of testing (i.e. breath, urine, sweat patch, etc.) to determine if he has reverted to the use of drugs or alcohol.

6. As directed by the probation officer, the defendant shall participate in a co-payment plan for treatment or testing and shall make payment directly to the vendor under contract with the United States Probation Office of up to $25 per month.

7. The defendant shall not possess or use a computer or any device that has access to any "on-line computer service" unless approved by the probation officer. This includes any Internet service provider, bulletin board system, or any other public or private computer network.

| | |
|---|---|
| CASE NUMBER: 2:11CR00543-01 | Judgment - Page 6 of 11 |
| DEFENDANT: THANG QUOC NGUYEN | |

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments on Sheet 6.

|  | Assessment | Fine | Restitution |
|---|---|---|---|
| Totals: | $ 500 | $ | $ 206,242.11* |

[ ] The determination of restitution is deferred until __ . An *Amended Judgment in a Criminal Case* (AO 245C) will be entered after such determination.

[✔] The defendant must make restitution (including community restitution) to the following payees in the amount listed below. **(SEE PAGES 7-10)**

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 09/2011) Sheet 5 - Criminal Monetary Penalties
Case 2:11-cr-00543-MCE   Document 34   Filed 12/12/12   Page 7 of 11

CASE NUMBER:        2:11CR00543-01                                      Judgment - Page 7 of 11
DEFENDANT:          THANG QUOC NGUYEN

| Name of Payee | Total Loss* | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| AMERICAN EXPRESS<br>888 S. Figueroa ST, STE 1770<br>Los Angeles, CA 90010 | $17,621.01 | $17,621.01 | |
| ANGEL COMMUNICATIONS LLC<br>40 S Lancaster RD<br>Savannah, GA 31410 | $62.50 | $62.50 | |
| BANANA REPUBLIC<br>5900 N Meadows DR<br>Grove City, OH 43123 | $1,022.00 | $1,022.00 | |
| BED BATH & BEYOND<br>11 Taft RD<br>Totowa, NJ 07512 | $1,196.22 | $1,196.22 | |
| BEST BUY.COM LLC<br>7075 Flying Cloud Drive<br>Richfield, MN 55344 | $3,317.48 | $3,317.48 | |
| BEST WESTERN INTERNATIONAL<br>6201 N 24th Parkway<br>Phoenix, AZ 85016 | $500.00 | $500.00 | |
| CAMILLE SNOW | $500.00 | $500.00 | |
| CELLCO PARTNERSHIP<br>255 Parkshore Drive<br>Folsom, CA 95630 | $101.60 | $101.60 | |
| CITIZENS TELECOM SVS, LLC<br>180 S Clinton, Avenue<br>Rochester, NY 14646 | $30.00 | $30.00 | |
| CLEAR WIRELESS LLC<br>400 Carillon PT<br>Kirkland, WA 98033 | $246.32 | $246.32 | |
| CLICK SALES INC<br>11928 Chalon LN<br>San Diego, CA 92128 | $49.95 | $49.95 | |
| CONTINENTAL AIRLINES CREDIT MNGMENT/DEPT<br>HOJ-CM600 Jefferson Street<br>Houston, TX 77002 | $1,717.80 | $1,717.80 | |
| COUNTY OF SACRAMENTO<br>10699 Coloma Road<br>Rancho Cordova, CA 95670 | $573.00 | $573.00 | |
| DISNEYLAND TICKETS<br>1313 S. Harbor Blvd<br>Anaheim, CA 92802 | $490.00 | $490.00 | |
| EXPEDIA, INC<br>655 Montgomery Street, Suite 600<br>San Francisco, CA 94111 | $115.64 | $115.64 | |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 09/2011) Sheet 5 - Criminal Monetary Penalties    Case 2:11-cr-00543-MCE   Document 34   Filed 12/12/12   Page 8 of 11

CASE NUMBER:        2:11CR00543-01                                                     Judgment - Page 8 of 11
DEFENDANT:          THANG QUOC NGUYEN

| | | |
|---|---|---|
| FUSHIGI BALL<br>4th Floor FL 155 Route 46 West<br>Wayne, NJ 07470 | $165.83 | $165.83 |
| GAMEFLY, INC.<br>5340 Alla Rd, Suite 110<br>Los Angeles, CA 90066 | $839.46 | $839.46 |
| GIFTCERTIFICATESCOM<br>11510 Blondo Street<br>Omaha, NE 68164 | $307.35 | $307.35 |
| GOOGLE PAYMENT CORP<br>1600 Amphitheatre Parkway<br>Mountainview, CA 94043 | $0.99 | $0.99 |
| GOTTATICKET.COM TRAFFIC S<br>11105 Laverham Court<br>Bakersfield, CA 93312 | $22.95 | $22.95 |
| GSI Commerce Solutions<br>935 1st Avenue<br>King of Prussia, PA 19406 | $4,000.00 | $4,000.00 |
| HANDMARK, INC<br>909 Walnut St, Suite 400<br>Kansas City, MO 64106 | $245.70 | $245.70 |
| INFLECTION LLC<br>555 Twin Dolphin Drive<br>Redwood City, CA 94065 | $421.55 | $421.55 |
| INTEGRATO STRATIGIES RES<br>396 Railroad CT<br>Milpitas, CA 95035 | $45.94 | $45.94 |
| J CREW, INC.<br>770 Broadway<br>New York, NY 10003 | $4,500.00 | $4,500.00 |
| KOHLS FULFILLMENT CENTER<br>3500 Salzman Road<br>Middleton, OH 45044 | $500.00 | $500.00 |
| KOLAEI CORP<br>9750 Elk Grove Florin Rd<br>Elk Grove, CA 95624 | $41.40 | $41.40 |
| METRO PCS #6006<br>2250 Lakeside Blvd Treasury Operations<br>Richardson, TX 75082 | $1,705.00 | $1,705.00 |
| METROPCS FISERV IVR<br>2250 Lakeside Blvd<br>Richardson, TX 75082 | $268.00 | $268.00 |
| MINDVISION INCORPORATED<br>826 P Street Suite 300<br>Lincoln, NE 68508 | $41.70 | $41.70 |
| NATIONAL<br>101 S 8th Steet<br>Philadelphia, PA 19106 | $140.66 | $140.66 |

   ** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B-CAED (Rev. 09/2011) Sheet 5 - Criminal Monetary Penalties  Case 2:11-cr-00543-MCE   Document 34   Filed 12/12/12   Page 9 of 11

| CASE NUMBER: | 2:11CR00543-01 | Judgment - Page 9 of 11 |
| DEFENDANT: | THANG QUOC NGUYEN | |

| | | |
|---|---|---|
| NETTEL CALL US AT<br>21135 Erwin Street<br>Woodland Hills, CA 91367 | $107.68 | $107.68 |
| NORDSTROM DIRECT INC<br>600 University Street, Suite 600<br>Seattle, WA 98101 | $2,000.00 | $2,000.00 |
| PETCO ANIMAL SUPPLIES INC<br>11 4th Avenue<br>San Diego, CA 91910 | $510.00 | $510.00 |
| PIZZA GUYS 112<br>800 Harbor BLVD<br>West Sacramento, CA 95691 | $38.09 | $38.09 |
| POPCAP GAMES<br>2401 4th Avenue Suite 300<br>Seattle, WA 98121 | $99.75 | $99.75 |
| QVC NETWORK INC.<br>1200 Wilson Drive<br>Westchester, PA 19380 | $377.49 | $377.49 |
| S#DISCOUNT AMERICAS TI<br>20225 N. Scottsdale Road<br>Scottsdale, AZ 85255 | $2,009.75 | $2,009.75 |
| SACRAMENTO SHERIFF W/R<br>111 G Street<br>Sacramento, CA 95814 | $500.00 | $500.00 |
| SCOTT MILLER | $600.00 | $600.00 |
| SEARS.COM 9300<br>7100 Westown Parkway<br>W Des Moines, IA 50266 | $142,271.13 | $142,271.13 |
| SOUTHWEST AIRLINES<br>PO Box 36611<br>Dallas, Texas 75235 | $5,000.00 | $5,000.00 |
| STAPLES PROMOTIONAL PRODUCT<br>7500 W 110th Street<br>Overland Park, KS 66210 | $1,939.41 | $1,939.41 |
| SYMMETRY CONCEPTS LLC<br>13910 NE 12th Street Apt. S101<br>Bellevue, WA 98005 | $20.00 | $20.00 |
| THE WALKING CO. 702<br>121 Gray Avenue<br>Santa Barbara, CA 93101 | $405.97 | $405.97 |
| TICKETMASTER PHONES NCA<br>3701 Wilshire Blvd<br>Los Angeles, CA 90010 | $605.00 | $605.00 |
| T-MOBILE USA, INC<br>12920 SE 38th Street<br>Bellevue, WA 98006 | $108.43 | $108.43 |

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| CASE NUMBER: | 2:11CR00543-01 | | Judgment - Page 10 of 11 |
| DEFENDANT: | THANG QUOC NGUYEN | | |

| | | |
|---|---|---|
| TOSHIBA AMER INFO SYS TSD<br>9740 Irvine Blvd<br>Irvine, CA 92618 | $3,007.13 | $3,007.13 |
| TRACFONE WIRELESS, INC.<br>9700 NW 112th Avenue<br>Medley FL 33178 | $50.25 | $50.25 |
| USA-PEOPLE-SEARCH.COM<br>1915 21st Street<br>Sacramento, CA 95811 | $39.95 | $39.95 |
| USPS<br>475 L'Enfant PLZ SW<br>Washington, DC 20260 | $4,401.00 | $4,401.00 |
| VANESSA SAUNDERS | $800.00 | $800.00 |
| VESTA CORPORATION<br>11950 SW Garden PL<br>Portland, Oregon 97223 | $400.00 | $400.00 |
| WAL-MART STORES INC<br>66 Wadsworth Park Drive<br>Draper, UT 84020 | $161.03 | $161.03 |
| TOTALS: | $ 206,242.11 | $206,242.11 |

[ ]  Restitution amount ordered pursuant to plea agreement $ ___

[ ]  The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

[✔]  The court determined that the defendant does not have the ability to pay interest and it is ordered that:

   [✔]  The interest requirement is waived for the     [ ] fine     [✔] restitution

   [ ]  The interest requirement for the     [ ] fine   [ ] restitution is modified as follows:

[ ]  If incarcerated, payment of the fine is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

[✔]  If incarcerated, payment of restitution is due during imprisonment at the rate of not less than $25 per quarter and payment shall be through the Bureau of Prisons Inmate Financial Responsibility Program.

** Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

| | |
|---|---|
| CASE NUMBER: 2:11CR00543-01 | Judgment - Page 11 of 11 |
| DEFENDANT: THANG QUOC NGUYEN | |

# SCHEDULE OF PAYMENTS

Payment of the total fine and other criminal monetary penalties shall be due as follows:

**A** [ ] Lump sum payment of $ __ due immediately, balance due

    [ ] not later than __ , or
    [ ] in accordance with   [ ] C,   [ ] D,   [ ] E, or   [ ] F below; or

**B** [✔] Payment to begin immediately (may be combined with   [ ] C,   [ ] D, or [ ] F below); or

**C** [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after the date of this judgment; or

**D** [ ] Payment in equal __ (e.g., weekly, monthly, quarterly) installments of $ __ over a period of __ (e.g., months or years), to commence __ (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E** [ ] Payment during the term of supervised release will commence within __ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F** [ ] Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

[ ] Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate:

[ ] The defendant shall pay the cost of prosecution.

[ ] The defendant shall pay the following court cost(s):

[✔] The defendant shall forfeit the defendant's interest in the following property to the United States: Preliminary Order of Forfeiture filed 6/25/2012 is incorporated into this Judgment.

Payments shall be applied in the following order: (1) assessment; (2) restitution principal; (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) penalties, and (8) costs, including costs of prosecution and court costs.